UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| RALPH T. MINOR, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 4:22-cv-00073-SEB-KMB |

**ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255
AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on Petitioner Ralph Minor's motion for relief pursuant to 28 U.S.C. § 2255. Dkt. 1. For the reasons explained in this Order, Mr. Minor's motion is **denied** without the necessity of an evidentiary hearing to resolve disputed factual issues and the action is **dismissed with prejudice.** In addition, the Court finds that a certificate of appealability shall not issue**.**

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th

1

Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

Not every petitioner who seeks relief pursuant to § 2255 is entitled to an evidentiary hearing. *Cooper v. United States*, 378 F.3d 638, 641–42 (7th Cir. 2004). A hearing is unnecessary when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A district court "need not hold an evidentiary hearing 'if the petitioner makes allegations that are vague, conclusory, or palpably incredible, rather than detailed and specific.'" *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016) (quoting *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001)). A court should conduct an evidentiary hearing "when the petitioner alleges facts that, if proven, would entitle him to relief." *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009) (quotation marks omitted).

## II. Factual and Procedural Background

On February 28, 2017, Mr. Minor was charged with distribution of methamphetamine, possession of methamphetamine with intent to distribute, distribution of cocaine, and possession of cocaine with intent to distribute. *United States v. Minor*, No 4:17-cr-00005-SEB-VTW-1 (hereinafter "Crim. Dkt."). A superseding indictment included the same charges. Crim. Dkt. 21. On October 1, 2020, Mr. Minor, by counsel, filed a petition to plead guilty as charged in the superseding indictment, without a plea agreement. Crim. Dkt. 105.

The presentence report (PSR) stated in part that Mr. Minor was a career offender under Chapter Four of the United States Sentencing Guidelines (Criminal History and Criminal Livelihood) based upon convictions in this Court in cause number 4:12-cr-00004-TWP-MGN-1, entered in 2012, and from Kentucky state court in cause number 10-CR-687, entered in 2010. Crim. Dkt. 110, ¶ 25. The PSR also specified that these two convictions were "among others" that

2

would qualify Mr. Minor as a career offender under U.S.S.G. § 4B1.1(b)(2). *Id.* The federal conviction was for use of a communication facility to facilitate distribution of cocaine, and the Kentucky conviction was for trafficking in cocaine. *Id.* ¶¶ 45, 46. Because of Mr. Minor's career offender status and current charges, his offense level was 34 under the Guidelines. *Id.* ¶ 25. The PSR also noted that this level was reduced to 31 because of Mr. Minor's acceptance of responsibility. *Id.* ¶¶ 26-27. Given his offense level and Mr. Minor's criminal history category VI, the Guidelines range for his sentence was 188 to 235 months. *Id.* ¶ 90.

The Court held a change of plea and sentencing hearing on January 22, 2021. Crim. Dkt. 115. After accepting Mr. Minor's guilty plea, the Court discussed the PSR with the parties and confirmed that neither side had any objections to it. Crim. Dkt. 127 at 23-24. The sentencing memorandum prepared by Mr. Minor's attorney made no reference or objection to the career offender determination. Crim. Dkt. 113. In determining Mr. Minor's sentence, the Court observed without objection, "the probation officer says you're appropriately designated as a career offender." Crim. Dkt. 127 at 45. Ultimately, the Court imposed concurrent sentences of 188 months on all counts. *Id.* at 47.

Mr. Minor initially filed a notice of appeal but subsequently voluntarily dismissed the appeal. Crim. Dkt. 118, 129. On May 26, 2022, Mr. Minor filed the present § 2255 action. Dkt. 1. In it, his sole claim is that his attorney was ineffective for not objecting to his career offender designation. *Id.* at 4.

### III. Discussion

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94

(1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, a petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* To satisfy the prejudice component, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

  Mr. Minor contends that his 2010 Kentucky conviction and 2012 federal conviction cannot be considered separate convictions for purposes of calculating whether he was a career offender. He argues in essence that these convictions amounted to a single related episode of criminal conduct, because he was under federal investigation for cocaine dealing when he was charged with and convicted of cocaine trafficking in Kentucky. Citing to older cases from the Seventh Circuit and elsewhere, Mr. Minor asserts that these convictions must be considered a single conviction for purposes of the Sentencing Guidelines. *See United States v. Garecht*, 183 F.3d 671, 675-76 (7th Cir. 1999) (holding that prior conviction that was "related" to present conviction could not be considered in determining whether defendant was a career offender under the Sentencing Guidelines). *See also United States v. Wyss*, 147 F.3d 631 (7th Cir. 1998); *United States v. Belton*, 890 F.2d 9 (7th Cir. 1989); *United States v. Kenyon*, 7 F.3d 783 (8th Cir. 1993). Thus, Mr. Minor claims trial counsel was ineffective for not objecting to his career offender determination.

  However, the cases Mr. Minor relies on were decided under a prior version of the Sentencing Guidelines, which provided for a much different method of determining whether

4

multiple prior sentences should be considered separately or treated as a single sentence when calculating a defendant's criminal history. Specifically, until 2007, the relevant provision stated in part,

> Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of §4A1.1(a), (b), and (c). Use the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence of imprisonment imposed in the case of consecutive sentences.

U.S.S.G. § 4A1.2(a)(2) (2006). Commentary to this provision explained:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2 Application Note 3 (2006).

In 2007, this provision was amended and changed considerably. *See United States v. Neff*, 598 F.3d 320, 322 (7th Cir. 2010). Specifically, it now states:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentence covered by subparagraph (A) or (B) as a single sentence.

U.S.S.G. § 4A1.2(a)(2) (2007-present). Also, the Commentary quoted above was deleted. And, the definition of "two prior felony convictions" for purposes of a career offender determination are

5

whether "the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c)." U.S.S.G. § 4B1.2(c). In other words, even sentences for "related" offenses may be separately counted as prior sentences, so long as they were not from cases charged together and the sentences for both cases were not imposed on the same day.

There is no question that Mr. Minor's 2010 Kentucky conviction and 2012 federal conviction are completely separate under the current version of the Sentencing Guidelines and as they existed when he was sentenced. Thus, there was nothing for trial counsel to object to with respect to Mr. Minor's career offender determination. Because there was nothing to object to, trial counsel necessarily was not ineffective. *See Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013) ("[c]ounsel is not ineffective for failing to raise meritless claims.").

### IV.  Conclusion

For the reasons explained in this Order, Mr. Minor is not entitled to relief on his § 2255 motion. He did not receive ineffective assistance of counsel. Moreover, no evidentiary hearing is required to address Mr. Minor's argument.

Accordingly, Mr. Minor's motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice.  Judgment consistent with this Order shall now issue and the Clerk shall **docket a copy of this Order in No. 4:17-cr-00005-SEB-VTW-1.** The motion to vacate, Crim. Dkt. [137], shall also be **terminated** in the underlying criminal action.

Mr. Minor's motion for a status update on this case, dkt. [24], is **GRANTED** to the extent this Order provides that update.

Finally, the **clerk is directed** to update Mr. Minor's address on the docket as indicated below.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Minor has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 4/11/2025

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

RALPH T. MINOR
09757-028
FCI ALLENWOOD MEDIUM
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. Box 2000
White Deer, PA 17887